IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                                    Criminal Action No. 3:06CR209

IVORY RONZELL WILLIAMS

## MEMORANDUM OPINION

Ivory Ronzell Williams, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 49.)[1] The Government has moved to dismiss, inter alia, on the ground that the statute of limitations bars the § 2255 Motion. For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

### I. PROCEDURAL HISTORY

Williams pled guilty to possession with intent to distribute cocaine base and possession of a firearm by a convicted felon. (Plea Agreement 1-2, ECF No. 12.) On January 10, 2007, the Court entered judgment against Williams and sentenced him to 180 months of imprisonment. (J. 2, ECF No. 19.) Williams did not appeal.

---

[1] Williams also mentions Federal Rule of Civil Procedure 60(b) in his § 2255 Motion. Williams, however, cannot use the Federal Rules of Civil Procedure to challenge his criminal sentence. See United States v. Leake, 96 F. App'x 873, 873 (4th Cir. 2004) (citations omitted).

On January 12, 2012, Williams placed the present § 2255 Motion in prison mail system for mailing to this Court. (§ 2255 Mot. 4.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

In his § 2255 Motion, Williams asserts entitlement to relief upon the ground that the Court incorrectly sentenced him as an Armed Career Offender. On September 3, 2013, Williams moved to supplement his case to consider the United States Court of Appeals for the Fourth Circuit's decision in United States v. Davis, 720 F.3d 215 (4th Cir. 2013)[2] with respect to his claim for § 2255 relief. Williams's Motion to Supplement (ECF No. 46) will be granted. Nevertheless, for the reasons set forth below, the § 2255 Motion will be denied as it is barred by the statute of limitations.

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

---

[2] In Davis, the Fourth Circuit concluded the defendant's consolidated sentence under North Carolina law for separate robberies was a single sentence, precluding application of the career offender guideline. 720 F.3d at 219-20. This case fails to alter the conclusion that the statute of limitations bars the § 2255 Motion.

2

**(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

    **(1)** the date on which the judgment of conviction becomes final;

    **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. The Statute Of Limitations Bars Williams's § 2255 Motion

Because Williams did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Thursday, January 25, 2007, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009)

3

(requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Williams had until Friday, January 25, 2008 to file any motion under 28 U.S.C. § 2255. Because Williams did not file his § 2255 Motion until 2012, the statute of limitations bars the § 2255 Motion unless Williams demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(4) or equitable tolling. Williams fails to demonstrate entitlement to a belated commencement of the limitation period or equitable tolling.[3] Accordingly, the statute of limitations bars Williams's § 2255 Motion.

### III. CONCLUSION

For the foregoing reasons, Williams's Motion to Supplement (ECF No. 46) will be granted and his § 2255 Motion (ECF No. 43) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue

---

[3] In Whiteside v. United States, 748 F.3d 541, 546-55 (4th Cir. 2014), a panel of the United States Court of Appeals for the Fourth Circuit concluded that an incorrect application of the career offender guideline could provide a basis for equitably tolling the statute of limitation. That decision has been vacated pending rehearing en banc. Whiteside v. United States, --- F. App'x ----, Nos. 13-7152, 2014 WL 3377981, at *1 (4th Cir. July 10, 2014).

unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Williams is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Williams and counsel for the Government.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: November 25, 2014
Richmond, Virginia